UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALLEN PALMER,

        Plaintiff,         CIVIL ACTION NO. 06-13260
v.         DISTRICT JUDGE BERNARD FRIEDMAN

DAVID KELSHAW,         MAGISTRATE JUDGE DONALD SCHEER

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND QUASHING ENFORCEMENT OF SUBPOENA SEEKING DEFENDANT'S DISCIPLINARY FILE

Plaintiff filed a Motion on June 4, 2009, seeking an Order compelling Tweed Savage, a non-party human resource manager employed at the Parnall Correctional Facility (SMT) in Jackson, Michigan, to provide him with the disciplinary personnel file of the Defendant. (Docket #39).  The Defendant is a former SMT corrections officer, who had been employed by the Michigan Department of Corrections (MDOC) at the time the alleged constitutional violations outlined in the complaint occurred.

Plaintiff mailed a subpoena duces tecum, issued by this Court on April 30, 2009, to the SMT human resource manager seeking Defendant's "entire disciplinary personnel file". Mr. Savage, by and through the Michigan Attorney General's Office, moved to quash the subpoena on May 18, 2009, claiming that it had been improperly served. He also maintained that the release of the information sought by Plaintiff would invade Defendant's privacy rights, and potentially pose a general threat to the security of the prison system (Docket #38).

Rule 45 of the Federal Rules of Civil Procedure governs the service of subpoenas. Where, as here, the subpoena commands the production of documents or electronically

stored information, a notice must be served on each party before it is served. Fed. R. Civ. P. 45(b). There is no evidence that Plaintiff gave notice to Defendant Kelshaw before he served the non-party subpoena on respondent Tweed Savage.

The discovery sought by Plaintiff consists of the entire disciplinary file of Defendant compiled during his previous employment with the MDOC. "A request for discovery... should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." Snowden v. Connaught Lab, 137 F.R.D. 336, 341 (D. Kan. 1991). Plaintiff alleged in the complaint that Defendant improperly retaliated against him by issuing a false misconduct ticket after Plaintiff filed a prison grievance on behalf of another prisoner whose cell was searched by Kelshaw. The sensitive nature of the information contained in the personnel file could potentially violate Defendant's privacy rights, and there is no showing that notice was served upon Kelshaw. Since Plaintiff did not give the required notice to Defendant before attempting to serve the subpoena, the subpoena is hereby quashed.

Plaintiff's Motion to Compel Compliance with Subpoena Duces Tecum represents that he has re-issued the subpoena, by certified mail, and that he has provided for notice to Defendant. Upon showing of proper service of the subpoena, the Defendant and the Third Party recipient may assert such arguments as they may have against the enforcement of it. This order should not be construed as a finding that Defendant's disciplinary personnel record is not properly discoverable, as I find the very broad and non-specific arguments advanced by the Third Party to be insufficient to support the relief sought by Tweed.

The parties to this action may object to and seek review of this Order but are required to act within ten (10) days of service of a copy hereof as provided for in Fed.R.Civ.P. 72(a) and E.D.Mich.LR 72.1(d)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Fed.R.Civ.P. 72. Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Order. Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of any objection is to be served upon this Magistrate Judge.

**SO ORDERED.**

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

Dated: July 1, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on July 1, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 1, 2009: **Michael Palmer, David Kelshaw.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217